IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| DAEDALUS BLUE, LLC,<br><br>Plaintiff,<br><br>v.<br><br>DROPBOX, INC.,<br><br>Defendant. | Civil Action No. 24-998-CFC |

# **ORDER**

Pending before me are Plaintiff Daedalus Blue, LLC's objections to the Report and Recommendation (R&R) issued by the Magistrate Judge on July 31, 2025. D.I. 35. Daedalus objects to the Magistrate Judge's findings that the claims of U.S. Patents No. 7,542,957 (the #957 patent) and 8,131,726 (the #726 patent) are directed to ineligible subject matter under 35 U.S.C. § 101 and her recommendation that I grant Defendant Dropbox Inc.'s motion to dismiss Daedelus's claims that Dropbox infringes those patents. I exercise *de novo* review of the Magistrate Judge's findings and recommendation. *See* Fed. R. Civ. P. 72(b)(3). I adopt and incorporate by reference the R&R's statement of the applicable legal standards for adjudicating a motion to dismiss and for determining patent subject matter eligibility under 35 U.S.C. § 101. *See* D.I. 33 at 6–8.

Daedalus first challenges the Magistrate Judge's finding under step 1 of the *Alice* framework that the #957 patent is directed to an abstract idea. According to Dadaelus, "[b]ecause the R&R disregarded the evidence that the [#]957 [p]atent is directed to more than filtering data based on rules, [the Magistrate Judge's] finding on step 1 of the *Alice* was clearly erroneous." D.I. 35 at 5. The "evidence" Daedalus points to consists of the "validation rules" and "validation engine" recited in the patent's independent claims. *See* D.I. 35 at 4. Putting aside the fact that the Magistrate Judge expressly considered that evidence, *see* D.I. 33 at 9–10, 12–13, the evidence does not prove that the #957 patent is directed to more than filtering data based on rules. On the contrary, all four of the patent's independent claims describe the validation engine as "comprising a validation logic," which in turn comprises a "validation rule." #957 patent at claims 1, 2, 21, 22. None of the claims explain how validation rules are generated or suggest in any way that validation rules or a validation engine improve computer functionality. Thus, the Magistrate Judge was spot on when she concluded that "[t]hese limitations amount to a patent on the result of filtering information, rather than a specific manner of achieving the result—a telltale sign that the claims are directed to an abstract idea." D.I. 33 at 12.

Daedalus next argues that Magistrate Judge committed clear error at step 2 of the *Alice* analysis because "[t]he R&R gave no weight to the allegations and

factual description of the inventive concepts of the [#]957 [p]atent." D.I. 35 at 6. There are, however, no inventive concepts in the #957 patent that transform the claimed abstract idea of filtering data based on rules into a patent-eligible subject matter. All the claim elements at issue here are generic steps of loading and applying rules, *see, e.g.*, #957 patent at claims 1, 2, 21, 22, and the patent's written description makes clear that the rules can be implemented with generic technology, *see, e.g.*, #957 patent at 6:3–8. "[B]road and nonspecific" claims that "combine nonspecific, conventional authentication techniques in a non-inventive way" do not recite an inventive concept. *Universal Secure Registry LLC v. Apple Inc.*, 10 F.4th 1342, 1355 (Fed. Cir. 2021). The Magistrate Judge was therefore correct in concluding that the #957 patent fails step 2 of *Alice*. *See Prism Techs. LLC v. T-Mobile USA, Inc.*, 696 F. App'x 1014, 1017–1018 (Fed. Cir. 2017) ("Viewed as an ordered combination, the asserted claims recite no more than the sort of 'perfectly conventional' generic computer components employed in a customary manner" that are "insufficient to transform the abstract idea into a patent-eligible invention.") (quoting *Intellectual Ventures I LLC v. Symantec Corp.*, 838 F.3d 1307, 1321 (Fed. Cir. 2016); *compare Affinity Labs of Texas, LLC v. Amazon.com Inc.*, 838 F.3d 1266, 1269 (Fed. Cir. 2016) (finding claims abstract at step 2 because they did "no more than describe a desired function or outcome, without providing any limiting detail that confines the claim to a particular solution to an

identified problem.") *with Bascom Glob. Internet Servs., Inc. v. AT&T Mobility LLC*, 827 F.3d 1341, 1350 (Fed. Cir. 2016) (identifying an inventive concept in a claimed "specific method of filtering Internet content," which could be achieved by installing "a filtering tool at a specific location.").

Daedalus next challenges the Magistrate Judge's finding that the #726 patent claims subject matter that is not eligible for patenting under § 101. I, however, agree with and adopt fully the Magistrate Judge's cogent analysis of why the #726 patent is invalid under § 101. *See* D.I. 33 at 20–27; *cf.* Fed. Cir. R. 36(a).

NOW THEREFORE, at Wilmington on this Fifteenth day of September in 2025, it is HEREBY ORDERED that Plaintiff's objections to the Report and Recommendation (D.I. 35) are OVERRULED.

CHIEF JUDGE