IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| DAEDALUS BLUE, LLC,<br><br>Plaintiff,<br><br>v.<br><br>DROPBOX, INC.,<br><br>Defendant. | Civil Action No. 24-998-CFC |

## ORDER

Pending before me are Defendant Dropbox Inc.'s objections to the Report and Recommendation (R&R) issued by the Magistrate Judge on July 31, 2025. D.I. 36. Dropbox objects to the Magistrate Judge's findings that the claims of U.S. Patent No. 8,176,269 (the #269 patent) are not directed to ineligible subject matter under 35 U.S.C. § 101 and her recommendation that I deny Dropbox's motion to dismiss Daedelus's claim that Dropbox infringes that patent. I exercise *de novo* review of the Magistrate Judge's findings and recommendation. *See* Fed. R. Civ. P. 72(b)(3). I adopt and incorporate by reference the R&R's statement of the applicable legal standards for adjudicating a motion to dismiss and for determining patent subject matter eligibility under 35 U.S.C. § 101. *See* D.I. 33 at 6–8.

Dropbox makes only one argument in its objections that I find persuasive. Specifically, citing *Hawk Tech. Sys., LLC v. Castle Retail, LLC*, 60 F.4th 1349, 1358 (Fed. Cir. 2023), Dropbox argues that even if the retention of unreferenced data in a database had been unconventional as of the priority date of the #269 patent, because the claims of the #269 patent "do not recite *how* to retain an unreferenced data block" but instead "functionally claim th[at] result using conventional computer and network components," the claims fail step 2 of the *Alice* framework. D.I. 36 at 7 (emphasis in the original). That argument is supported by the Federal Circuit's holding in *Hawk Tech. See id.* at 1358–59 (holding that claims that "recite an inventive solution" "fail to transform the abstract idea into something more and thus fail *Alice* step two" if "the claims . . . 'only use[ ] generic functional language to' do so and require nothing 'other than conventional computer and network components operating according to their ordinary functions' (e.g., a 'personal computer,' 'storage device,' 'external viewing device,' etc.).") (citation omitted).

The problem for Dropbox is that it did not make this argument or cite *Hawk Tech.* in its papers filed with the Magistrate Judge. *See generally* D.I. 16 at 20–21; D.I. 30 at 8–9. Accordingly, it waived the argument. *In re Nat'l Collegiate Student Loan Trusts 2003-1, 2004-1, 2004-2, 2005-1, 2005-2, 2005-3*, 971 F.3d 433, 444 (3d Cir. 2020); *see also* D. Del. Standing Order for Objections Filed

Under Fed. R. Civ. P. 72 ¶ 5 (Mar. 7, 2022) (requiring objecting party to provide "a written statement either certifying that the objections do not raise new legal/factual arguments, or identif[ying] the new arguments and describ[ing] the good cause for failing to previously raise the new legal/factual arguments before the Magistrate Judge").

NOW THEREFORE, at Wilmington on this Fifteenth day of September in 2025, it is HEREBY ORDERED that Defendant's objections to the Report and Recommendation (D.I. 36) are OVERRULED.

CHIEF JUDGE